Barnard, P. J.
After review of the cases cited in the support of the motion for re-argúment, it still remains the true conclusion under the proof in the case, that neither Keegan or Skelton were the agents of the insured so as to continue the insurance by the bare receipt of the renewal certificate. Skelton was an insurance broker, whose place of business was in the defendant’s office, and Keegan was a broker, having no connection with it. The insured employed Keegan to get the policy, and he placed it m connection with Skelton. They both were profited by the premium, and neither could receive a renewed certificate which would bind the insured without his request to either obtain the same, and by virtue solely of the old employment. The other point in the opinion required a new trial in any event. While the evidence of date is not clear, it appears that the insured assigned his policy, and before the date of the renewal receipt, the creditor for whose benefit it was made requested the assignee to reconvey, which was done just before the fire. The request to reconvey, if the assignee accepted its terms, became operative to transfer an equitable and an insurable interest. Pelton v. Insurance Co., 77 N. Y , 605.
The motion should, therefore, be denied, with ten dollars costs,
Pratt, J., concurs.